## DENISON *v.* LEWIS.*

PLEADING AND PRACTICE; MISCONDUCT OF COUNSEL; PRAYERS
   FOR INSTRUCTION; ALLEGATIONS AND PROOF; EXCESSIVE
   VERDICT; REMITTITUR; COSTS.

1. It is not error for the court below to allow counsel, in the presence
   of the jury, to read the opinion of this court on a former appeal
   of the same case, during an argument on the admissibility of
   evidence.
2. When a prayer for instruction, although possibly erroneous, ap-
   pears by the verdict not to have injured the party excepting
   to it, the granting of it by the trial court will not be held to be
   reversible error.
3. Where the proof of damage exceeds the amount claimed in the
   declaration, the plaintiff's recovery is limited to the amount
   claimed in his declaration, unless he amends.
4. Allegations of general damages in a declaration will not be al-
   lowed to contravene allegations of special damages in the
   same pleading.
5. A party recovering an excessive verdict under an erroneous in-
   struction, allowed under the peculiar circumstances of the
   case to enter a *remittitur* of a portion of it; and costs of appeal
   equally divided between appellant and appellee.

No. 389.  Submitted January 5, 1895.  Decided February 15, 1895.

HEARING on an appeal by the defendant from a judgment
on verdict.  *Affirmed, on condition of plaintiff entering re-
mittitur.*

The FACTS are stated in the opinion.

*Mr. J. F. Farnsworth* and *Mr. H. B. Moulton* for the appellant.

*Mr. R. Byrd Lewis* and *Mr. W. V. R. Berry* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This case was before us once before upon a demurrer to a
plea of the Statute of Limitations and a judgment thereon

---

*See *Denison* v. *Lewis*, 2 App. D. C. 387.—REPORTER.

sustaining the demurrer. The decision is to be found in 2 App. D. C. 387, where the facts are stated so far as they then appeared. When the cause was remanded, in pursuance of the opinion then rendered, it came to a trial before a court and jury; and there was a verdict for the plaintiff James P. Lewis, and thereupon judgment, from which the defendant, William O. Denison, has prosecuted the present appeal, upon a bill of exceptions taken to the rulings of the court below.

There are six exceptions set forth in the record, of which the fourth is no more than a duplication of the second, and the sixth is to the refusal of the court below to grant a new trial; which, of course, we cannot consider here. There are, therefore, in fact, four exceptions upon which errors are assigned.

1. The first alleged error is that the court below, during an argument upon the admissibility of certain testimony, permitted the opinion of this court in the former appeal to be read in court in the presence of the jury. The statement in the record in this connection is as follows:

"The plaintiff also tendered in evidence the papers and record in the case of *Elizabeth D. Battelle* v. *William O. Denison,* in Equity, No. 12,158, and to the introduction of said papers and record the defendant, by his counsel, then and there objected, and the court overruled said objection, and the defendant excepted to the ruling of the court; whereupon the plaintiff withdrew his offer in evidence of the papers and record of said case, none of which said papers or record having been submitted or read to the jury; but in the discussion of the question involving the admission of such papers and record counsel for plaintiff read to the court in the hearing of the jury part of an opinion of the Court of Appeals, rendered in this case on hearing on demurrer; but in his charge to the jury the judge, at the request of counsel for the defendant, instructed the jury that they should disregard said opinion of the Court of Appeals; never-

theless to the reading of said opinion in the hearing of the jury counsel for the defendant objected, and the court overruled such objection, and counsel for defendant excepted to such ruling of the court."

It is not entirely clear from this statement that the exception here relied on was taken in time. The inference rather would be that it was not taken until after the court had charged the jury, when it was evidently too late. But assuming that it was taken in time, we fail to see wherein there was error in the action of the court. It is the right of a party offering testimony, to the introduction of which objection is made, to show in argument, by reference to any authorities which he thinks to be in point, that the proposed testimony is admissible; and it certainly is a most unheard of thing that he should be precluded from reference to authorities of cases wherein a party to the pending suit may have been a party. And it is a still more extraordinary proposition that a previous decision in the same cause may not be adduced in argument. Such a proposition cannot be entertained for a moment.

But the objection, we presume, is not that this may not be done, but that it should not have been done in the presence of the jury. Undoubtedly advantage is too often improperly taken in arguments to the court upon questions of law to give expression to remarks intended to influence the minds of the listening jury; and such conduct, on the part of counsel, when flagrant, should not go without rebuke. But it is not apparent that any such thing happened in the present case; and in any event it would be a matter within the discretion of the trial judge. We can readily understand how a jury may be prejudiced by remarks made in the course of argument upon questions of law; but there is a remedy for that to which the parties may have recourse, a request to the court to permit the jury to retire during the progress of the argument.

2. The second exception, with which, as we have stated,

the fourth is identical, is based upon the granting by the court to the jury of the following instruction requested by the plaintiff below, the defendant in error:

" If the jury believe from the evidence that the defendant was acting as agent for Mr. Lewis in the sale of lot 94, and if they further believe that the defendant stated to the plaintiff that he had sold said lot for $0.22 per foot, and that he had paid or caused to be paid to plaintiff the sum of $0.22 per square foot for said lot, whereas, in fact, he, the defendant, sold said lot for the plaintiff for $0.30 per square foot, and received the money therefor, then the jury must find for the plaintiff on the first count."

The first count of the plaintiff's declaration, on which this instruction is based, claims from the defendant, on account of the alleged fraudulent concealment mentioned in it, the sum of $784.96, as the difference between the sum of 22 cents per square foot for lot No. 94, which the defendant stated that he had obtained, and the sum of 30 cents per square foot therefor, for which the plaintiff claimed that he had sold it; and also the sum of $64.66 retained by the defendant for his commissions. The jury appears to have rendered a special verdict on each count, and a general verdict on the two counts; and on this first count they allowed the plaintiff the sum of $784.96, the amount of the difference claimed, but refused to award him a return of the commissions charged by the defendant.

In our former opinion in this case, we held that the plaintiff, upon proof of his allegations, would be entitled to recover the difference between the sum actually received by the defendant and the sum represented to have been received by him. We refrained from expressing any opinion upon the question whether, under the circumstances, he should be held to have forfeited his right to commissions. If this prayer is erroneous, about which we do not now express any opinion, it has not injured the defendant, inasmuch as the jury have not allowed to the plaintiff a verdict

for the commissions, but only the difference between the two sums mentioned, which is in precise accordance with our former opinion. The only argument by the plaintiff in error against the instruction is an argument as to the facts, which it was the exclusive province of the jury to determine and which they did determine in favor of the contention of the plaintiff.

3. The third exception is based upon the second instruction requested by the plaintiff below, which had reference to the other lot of ground (No. 93) mentioned in the declaration, and which, except as to the difference of the figures, was substantially the same as the first instruction, which had reference to lot No. 94. This instruction was as follows :

" If the jury believe from the evidence that the defendant was acting as agent for the plaintiff in the sale of lot 93, and if they further believe that the defendant stated to the plaintiff that he had sold said lot for $0.25 per square foot, and that he paid or caused to be paid to the plaintiff the sum of $0.25 per square foot for said lot, whereas, in fact, he, the defendant, sold said lot for $0.30 per square foot, and received the money therefor, then the jury must find for the plaintiff on the second count."

This the court modified by adding : " Unless they further believe from the evidence that after a full and fair disclosure by defendant to the plaintiff of all he knew about the sale or prospective sale of said lot, the plaintiff consented that defendant might have all the purchase-money of said lot in excess of $0.25 per square foot as a compensation for his services as agent in addition to his commission ;" and the instruction so amended was given.

In connection with this exception may be taken an instruction on the same subject requested by the defendant below and refused, and which forms the ground of the fourth assignment of error. It is in the following terms : " Under the plaintiff's complaint or declaration, he is not entitled to

recover the difference between $0.25 and $0.30 per square foot so far as lot 93 is concerned.

In the consideration of the questions raised by these instructions, we have to recall the fact that the declaration of the plaintiff contains two counts, the first dealing exclusively with lot No. 94, and claiming both the recovery of the excess of price received by the defendant and the commissions charged by him, and the second dealing exclusively with lot No. 93, and claiming only the recovery of the amount of commissions paid, which was $256.96, and not, at least in terms, the difference between the price reported and the price received. Why, if the plaintiff desired to recover this excess, as well as the amount of the commissions, he did not specifically so state his claim, as he did in his first count, with reference to lot 94, is not apparent. From his standpoint his rights with reference to both lots would seem to be precisely the same. It is very true that, in the second count, he sets forth the alleged fraudulent transaction, the receipt of thirty cents per square foot for the property, and the report of the defendant to him that only twenty-five cents per square foot could be had therefor; but the extent of his damages, on account of this fraudulent transaction he specifically alleges to be the amount of the commission with which he was charged ($256.96), and no more. This is all out of which he claims to have been defrauded; and the amount of his claim must necessarily be the limit of his recovery. It is an elementary rule of pleading that the proof must conform to the allegations of the declaration or complaint; that, if the proof falls short of the allegations, the former and not the latter must be the criterion of recovery; and, on the other hand, that, if the proof exceeds the declaration, the plaintiff cannot recover beyond the limit stated in the latter, without an amendment of it and an opportunity to the defendant, if necessary, to controvert such amendment by proper pleading. While, in the present case, the testimony might have fully justified the ruling of the court below in

granting the second prayer of the plaintiff and refusing the second prayer of the defendant, still there was error in not confining the plaintiff to the extent of the damages claimed by him in the declaration. That the jury, upon the second count, allowed the plaintiff not only the sum of $256.96, out of which he claimed to have been defrauded in the way of commissions, but also something in addition thereto which he did not claim, is quite evident. For upon this count they gave him $1,027.85; or, rather, the figures show that, instead of allowing him the commissions ($256.96) which he claimed, they allowed him the difference of price, which he did not claim. To this error they were undoubtedly led by the refusal of the court to limit the plaintiff's right of recovery, as requested in the second instruction asked on behalf of the defendant. The second instruction asked on behalf of the plaintiff is not, perhaps, objectionable in itself, if the verdict is confined to the specific amount claimed in the declaration. Nor is the qualification of that instruction added by the court objectionable. But to both should be superadded the further qualification contained in the second instruction requested on behalf of the defendant.

It is suggested that, because the declaration sets forth the alleged fraudulent transaction and an allegation of general damages to the amount of $2,000, there might be a recovery to that extent. In the first count is a similar general allegation of damages to the amount of $3,000; and aggregate general damages are claimed to the amount of $5,000. These allegations of general damages that have come down to us from the ancient pleadings, in which, it may be said, the theory of the law always was for the recovery of damage for the violation of right and never for the specific enforcement of a specified indebtedness, may yet perhaps serve some good purpose, although they are rapidly falling into disuse, with other fictions of the ancient law. They cannot be allowed, at all events at this present day, to contravene specific statements of the precise amount and character of damage contained in the same pleading.

We think, therefore, that there was error in the refusal of the court to grant the second instruction requested by the defendant; and for that error we are constrained *to reverse the judgment and to remand the cause for a new trial. And it is so ordered.*

On February 14, 1895, *Mr. Lewis,* for the appellee, filed a motion for a reargument of this cause, and, in default of a a rehearing being granted, for a modification of the judgment.

On March 5, 1895, Mr. Justice Morris delivered the opinion of the Court:

A petition for rehearing has been filed in this cause ; and in default of a rehearing, for a modification of the judgment of this court.

We are unable to find in the reasons for a reargument assigned by the petitioner any good ground to review or revise our decision. But a modification of the judgment in the manner requested by the appellee is perfectly proper.

As appears from our opinion heretofore filed in the cause, the verdict of the jury and the instructions of the court, so far as they apply to the first count of the declaration, in our opinion, are entirely correct, and in accordance with our former decision, when the case was before us on demurrer. But the second count differs from the first in seeking the recovery, not of the difference of price alleged to have been fraudulently appropriated by the appellant, but merely of the commissions stated to have been improperly charged on account of the fraud. We have held that, without an amendment of the declaration, the limit of recovery upon this count cannot amount to more than the amount of the commissions charged. The verdict of the jury gave the appellee both the commissions and the difference of price. Fortunately the verdict was to a certain extent special. It not only specified the amount of recovery upon each count; it also specified, with reference to the second count, the amount of

the commissions and the amount of the difference of price in separate sums. And it therefore contains in itself the elements whereby, at the option of the plaintiff, it might be corrected. Ordinarily an appellate court cannot divide and segregate the verdict of a jury, and hold it good in part, and in part bad. But as the record before us shows that the ruling of the court below, which we have held to be erroneous as not warranted by the declaration, has reference exclusively to the second count of the declaration, and to the recovery under that count of the amount of difference of price alleged to have been fraudulently retained from the appellee, and as the record also shows the precise amount of the recovery by the plaintiff under that erroneous ruling, and as the appellee now offers to remit the amount so erroneously awarded to him, rather than amend his declaration so as to justify his recovery of that amount in another trial, it is plainly in the interests of justice that the remission should be allowed ; and we think that, under the circumstances of this case, there can be no doubt as to the right of this court, under the law of its creation, to direct a modification of the judgment of the court below so as to give effect to this remission.

Upon the filing, therefore, of a *remittitur* by the appellee in this court of the sum of $770.89, which is the sum shown by the record to have been allowed by the jury under the second count of the declaration, as the difference between the price received by the appellant and that paid by him to the appellee, the judgment of the court below *will be affirmed for $1,041.92, the residue of the amount of the verdict, with costs.*

On March 11, 1895, *Mr. Moulton* and *Mr. Farnsworth*, on behalf of the appellant, filed a motion to retax the costs of the appeal.

*Mr. Lewis* and *Mr. Berry*, for the appellee, opposed the motion.

On March 20, 1895, Mr. Justice MORRIS delivered the opinion of the Court:

We first reversed the judgment in this case for error in the allowance of a recovery on the second count of the declaration of a greater sum than we thought was justified by the allegations of the declaration. Then, upon the motion of the appellee to be allowed to file a *remittitur* here of the amount which was shown by the special verdict of the jury to have been the result of such error and which was separable from the rest of the verdict, there being no other error in the cause, we affirmed the judgment, with costs, upon condition that the appellee would here file such *remittitur*. This having been done, the appellant now comes with a motion to be relieved from the costs of the appeal, and that the costs be retaxed.

The ground of the motion is that there was, in fact, error in the rulings of the court below which compelled the appellant to bring the cause to this court; and that, if the appellee had filed his *remittitur* in the court below the appellant would not or might not have brought the cause to this court for the correction of the error. Against this the appellee contends that the appellant claimed errors as to the whole judgment; that the appellee was substantially the prevailing party; and that the judgment having been affirmed, it should, as of course, carry costs with it.

There is plausibility in both claims. But without attempting to decide between them, we think that this is a cause in which, as it seems to us, justice can best be done *by dividing the costs of the appeal equally between both parties. And it is so ordered.*